UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KYLE B. RODGERS, et al.,<br><br>             Plaintiffs,<br><br>      v.<br><br>KEEFE COMMISSARY NETWORK SALES,<br><br>             Defendant. | Case No. 24-cv-01998-VC<br><br>**ORDER OF DISMISSAL**<br>Re: Dkt. Nos. 2, 3, 6 |

Kyle Rodgers, Michael Rodgers and Albert Martinez, detainees at Santa Cruz County Jail proceeding *pro se*, jointly filed a civil rights complaint pursuant to 42 U.S.C. § 1983 against a company that provides shampoo to the facility. Plaintiffs argue that the shampoo contains cancer causing chemicals and is not properly labeled pursuant to California Proposition 65. Lead plaintiff Kyle Rodgers states that the other plaintiffs have given him permission to represent them.

Generally, *pro se* plaintiffs are prohibited from pursuing claims on behalf of others in a representative capacity. *See Simon v. Hartford Life, Inc.*, 546 F.3d 661, 664-65 (9th Cir. 2008). The court also considers the procedural hurdles to plaintiffs' joinder. If plaintiffs proceed as a group, under the Federal Rules of Civil Procedure, each plaintiff must sign every filing made in this case on behalf of the group. The failure of any plaintiff to sign a particular pleading could be prejudicial to him and possibly subject his claims to dismissal. The routine practices of incarceration often prohibit or delay communications between prisoners. For these reasons, the court is not inclined to accept multiple filings from different plaintiffs in the same case, or to

delay filing deadlines until all plaintiffs can sign a single pleading. The interests of justice are not served by joinder of plaintiffs in this action. Rule 20 is designed to promote judicial economy, and reduce inconvenience, delay, and added expense. *See* Fed. R. Civ. P. 20. Here, efficiency will not be promoted by allowing all plaintiffs to bring a single case. Avoidance of possible prejudice to individual plaintiffs, delay reduction, and avoidance of confusion call for plaintiffs' claims to proceed separately. Severing plaintiffs will not prejudice any substantial right.

The plaintiffs will not be permitted to proceed together. Kyle Rodgers already filed a case in this court with generally the same allegations. *See Rodgers v. Shearer*, Case No. 24-0379 VC. Therefore, this case is dismissed as duplicative. Kyle Rodgers may file a second amended complaint in Case No. 24-cv-0379 VC, if he wishes to raise any of the additional issues and/or name any of the additional defendants that he presented in this complaint.

The other plaintiffs, Michael Dean Rodgers and Albert L. Martinez, are dismissed from this action and will be notified separately of the new case numbers assigned to their claims, which shall proceed separately pursuant to the court's assignment plan.

The clerk shall enter a separate judgment and close this case. The pending motions (Dkt. Nos. 2, 3, 6) are vacated and no fee is due.

**IT IS SO ORDERED.**

Dated: May 21, 2024

_____
VINCE CHHABRIA
United States District Judge